[No. 12613.  *En Banc.*  November 17, 1915.]

## W. R. COLBY, JUNIOR, *Respondent*, v. INTERLAKEN LAND COMPANY, *Appellant*.[1]

CONTRACTS—BUILDING CONTRACTS—PERFORMANCE.  The failure to
lay oak floors until long after the time provided in the contract for
the completion of a $10,000 dwelling, shows that the building was
not substantially completed on time.

SAME—BUILDING CONTRACTS—PERFORMANCE—ARCHITECT'S CERTIFICATE—EVIDENCE.  Where a building contract provides that the completion of the work shall be "evidenced by the architect's certificate,"
such evidence is the only method of proving the fact, and a condition precedent to action, unless the architect acts fraudulently or
arbitrarily; and other evidence of the completion of the building
is inadmissible (Per MOUNT, HOLCOMB, CHADWICK, and ELLIS, JJ.).

VENDOR AND PURCHASER—CONTRACTS—PERFORMANCE—FORFEITURE—
WAIVER.  Where the purchaser of lots agreed to construct a house
thereon within a specified time, and gave a mortgage for $750 to secure the stipulated damages for failure to complete the building on
time, the vendor's satisfaction of the mortgage after knowledge that
the building had not been completed on time constitutes a waiver of
the forfeiture.

CONTRACTS — BUILDING  CONTRACTS — PERFORMANCE — ARCHITECT'S
CERTIFICATE—EVIDENCE.  A building contract which provides that the
completion of the work shall be "evidenced by the architect's certificate," does not make the architect an umpire between the parties,
but only makes his certificate *prima facie* evidence as to the performance of the contract, and his refusal, in the absence of arbitrary action, *prima facie* evidence of nonperformance (Per MAIN, PARKER,
and FULLERTON, JJ., and MORRIS, C. J.).

Appeal from a judgment of the superior court for King
county, Smith, J., entered July 6, 1914, upon findings in

[1]Reported in 152 Pac. 994.

favor of the plaintiff, in an action on contract, tried to the court.  Reversed.

*Adair Rembert*, for appellant.

*E. P. Whiting* and *Saunders & Nelson*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover the cost of the pavement upon Crescent Drive, in the city of Seattle, in front of three lots owned by him.  The action is based upon a written contract.  Upon issues joined, the case was tried to the court without a jury.  At the conclusion of the case, the trial court found in favor of the plaintiff, and entered a judgment against the defendant for the cost of the pavement.  The defendant has appealed from that judgment.

It appears that, on the 1st day of December, 1908, the plaintiff and the defendant entered into a contract, whereby the plaintiff agreed to purchase from the defendant the three lots mentioned, for the agreed price of $7,275.  This contract, among other things, provided that the respondent should build upon the property a house costing not less than $5,000.  The contract then provided as follows:

"And it is further agreed that party of the second part [plaintiff] shall submit to first party [defendant] plans for a building to be erected upon lot twenty-five within thirty days from the delivery of said deeds; that the plans for said residence shall be subject to approval of party of the first part; that said building shall be contracted for and the contract let within two weeks after the approval of the plans by first party; that construction of said building shall be commenced within two weeks after the contract has been let; that the building shall be roofed within two months after the commencement of such construction, and that the house shall be completed on or before June 1, 1909, said completion to be evidenced by a certificate from S. A. Jennings, architect, and the performance of all the conditions herein, in this paragraph contained, are to be fully made by said second party, and the sum of seven hundred and twenty dollars is hereby agreed upon as liquidated damages for the breach of this covenant; provided, however, that such liquidated damages

shall not be claimed and demanded by first party, and the same shall not become due except upon five days' written notice, served personally or by leaving at the office of Bude & Miller, 425 New York Block, of such failure to complete said building and demand that the same be completed within five days thereafter. It is agreed that in case of fire, act of God, or public enemy, in the course of construction of said building, the time for the performance of this covenant shall be extended such time as may be reasonably required to repair the damage caused thereby.

"Sewer and water on the street in front of the property above described are to be furnished when required by the purchaser, and all assessments for local improvements, heretofore returned against said property, and for grade, water mains and sewer and sidewalks, whether now a lien on said property or not, shall be paid by first party, and if all the covenants and agreements by the said second party to be kept and performed, contained herein, shall be well and truly kept and performed the party of the first part shall cause the street in front of said property to be paved, on or before the—— day of—— with ——, to be approved by the city engineer of the city of Seattle, at their own proper costs and expense, and will within one year after the same shall have become a lien against said property, pay all assessments in full, which may, or might, become a lien against said above described property, for and on account of the first paving of Crescent Drive in said Interlaken, and will hold and save harmless second party from any and all liens and claims arising or to arise for and on account of such paving; and in the event first party shall fail to pay said assessments, or any of them, within one year after the same become a lien against said property, provided first party shall have been served with five days' notice in writing to pay the same, then second party may pay any or all such assessment, and thereupon recover the same from first party, together with such necessary costs, disbursements and attorney's fees as may be by him expended or incurred."

Thereafter, plans and specifications for a house to cost about $10,000 were submitted to the defendant by the plaintiff. These plans were approved by the defendant, and a house was constructed according to these plans.

It is claimed by the plaintiff that the time for the completion of the building was extended for a period of thirty days. The defendant conceded that an extension of three weeks was granted, but denied that an extension was given to July 1, 1909. The principal issue in the case was whether the house was completed within the time provided for in the contract. It is conceded that the completion was not evidenced by the certificate of Mr. Jennings, who was the architect for the plaintiff in the construction of the building. On the 26th day of July, 1909, the defendant gave notice to the plaintiff that the mortgage referred to in the contract was due and payable by reason of the nonperformance of the conditions contained in the agreement. Thereafter the street in front of the property was paved by the city, and an assessment levied against the property amounting, with interest, to $1,062.31.

The defendant argues that, before it is liable for the street paving, it was necessary for the plaintiff to show that the house was completed, and to obtain from the architect a certificate that the house was completed within the time. The trial court was of the opinion that the plaintiff might show by oral evidence, other than that of the architect, that the house was completed within the time extended, and that, therefore, he was entitled to recover for the street paving. This is the principal question presented in the case.

The contract recites upon its face, that "the house shall be completed on or before June 1, 1909, said completion to be evidenced by a certificate from S. A. Jennings, architect." Conceding that there was an extension of time from June 1, to July 1, 1909, as claimed by the plaintiff, it is plain from the contract that the completion of the house must be evidenced by a certificate from Mr. Jennings, the architect. The parties themselves provided in the contract how the fact of completion should be shown. It is not claimed that this certificate was ever obtained. Oral evidence was introduced

to the effect that the house was substantially completed by
the first of July, 1909. This evidence was contradicted by the
architect, and by other witnesses. We think it was a con-
ceded fact upon the trial that the specifications called for
oak floors in the building. It was practically conceded that
these oak floors were not laid until long after July 1, 1909.
This was a material part of the contract; and the omission
to lay these floors within the time, clearly shows that the
building was not substantially completed.

There were other items in the building which were not com-
pleted on July 1, and not until two or three months later.
In order to avoid disputes which might arise whether the
building was completed, the parties inserted in the contract
the clause that the completion is "to be evidenced by a cer-
tificate from S. A. Jennings, architect." It appeared upon
the trial that Mr. Jennings was the architect who drew the
plans and superintended the construction of the building for
the plaintiff. He was in nowise connected with the defendant,
and was presumably a fair man to whom the question of com-
pletion might be submitted.

This court has uniformly held that, where the parties to
a contract provide therein that the performance or nonper-
formance shall be evidenced by an architect's certificate, such
evidence is the only method of proving the fact, except in
cases where the referee acts fraudulently, or arbitrarily re-
fuses to give the certificate. In the case of *Bavaria Inv. Co.
v. Washington Brick etc. Co.*, 82 Wash. 187, 144 Pac. 68,
this court said:

"The law is well established in this state that where, by the
contract of the parties, a given person, such as the architect,
the engineer, or the superintendent in charge of the work
contemplated by the contract, is made the umpire or arbiter
to determine differences which may arise in the performance
of the contract, the certificate of such umpire is a prerequisite
to recovery, in the absence of arbitrary refusal to give it, and
is final and conclusive upon the parties in the absence of

fraud, misconduct or palpable mistake on his part." (Citing a number of authorities to that effect.)

So it follows in this case that, before the plaintiff is entitled to recover, the certificate of completion of the house must be furnished by the architect. Failing in this, the plaintiff was not entitled to recover. It was shown upon the trial, by the architect himself, that the house was not completed, not even substantially completed, for two or three months after the time limited in the contract and the extension of thirty days claimed by the plaintiff. We are satisfied, therefore, that the trial court erred in receiving other evidence as to when the house was completed, where no fraud or arbitrary action was claimed against the architect, and in finding, as a matter of fact, that the house was substantially completed on the 1st day of July, 1909.

The defendant further argues that the trial court should have granted a judgment in its favor upon a counterclaim for a forfeiture of $720, provided for in the contract. It is conceded by the appellant that the notice which was served did not comply with the contract. But it is argued that the plaintiff understood the notice and that he should be bound by it. It appears upon the record that a mortgage for this $720 was given by the plaintiff to the defendant for the faithful performance of the contract to construct the house, and that this mortgage was satisfied by the defendant upon the records of King county after the defendant knew that the house had not been completed within the time. The defendant explained the satisfaction of the mortgage by saying that it had been advised that the notice served upon the plaintiff was insufficient, and for that reason had satisfied the mortgage of record without consideration. It is apparent that the notice does not comply with the terms of the contract, and we are satisfied that the defendant intended to waive the forfeiture when it satisfied the mortgage upon the record.

We are satisfied, upon the whole case, that neither party should recover, and the action is therefore dismissed at the plaintiff's costs.

HOLCOMB, CHADWICK, and ELLIS, JJ., concur.

MAIN, J. (concurring)—I concur in the views expressed in the majority opinion to the extent that the evidence introduced upon the trial in the superior court shows that the building was not completed within the time specified in the contract; but I dissent from that portion of the opinion which holds that the architect had the power, under the contract, to finally determine that question.

It is undoubtedly the accepted doctrine of this, as well as other courts, that, where the parties by their contract constitute an architect, or other named person, an umpire, or arbiter, to determine differences which may arise in the performance of the contract, and provide that his determination shall be final and conclusive, and that such determination shall be evidenced by the certificate of such umpire or architect, the contract will be upheld as binding upon the parties.

In this case, however, the contract does not go that far. It only provides that the completion of the house is to "be evidenced by a certificate" of the architect. There is nothing in the contract which constitutes the architect an arbiter or umpire to determine differences which may arise in its performance. Neither is there any provision that his determination of such differences shall be final and conclusive upon the parties. A contract should not be construed so as to deny the parties thereto, or either of them, their day in court upon any differences that may arise, unless the contract clearly shows that this was the intent of the parties.

Under the contract in the present case, the giving of the architect's certificate would doubtless be *prima facie* evidence of the completion of the building; and its refusal, in the absence of fraud or arbitrary conduct, would likewise be *prima facie* evidence that the building was not completed within the

time specified.    To hold that a contract which simply provides that the completion of the building shall be evidenced by the certificate of the architect, constitutes such architect an umpire or arbiter, and gives him power to determine differences which may arise, which determination shall be final and conclusive upon the parties, it seems to me is going beyond what the parties by their contract provided.

MORRIS, C. J., PARKER, and FULLERTON, JJ., concur with MAIN, J.